RECEIVED

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA** 12: 42
**NORTHERN  DIVISION**

DEBRA P. HACKETT, CLK
~~U.S. DISTRICT COURT~~
MIDDLE DISTRICT ALA

MARY WIGGINS,                                    )
                                                 )
          Plaintiff,                             )
                                                 )        CIVIL ACTION NO.:
vs.                                              )        2:17-CV-425-GMB
                                                 )
THE CITY OF MONTGOMERY,                          )
ALABAMA,                                         )
                                                 )        **PLAINTIFF DEMANDS A**
          Defendant.                             )        **TRIAL BY STRUCK JURY**


## COMPLAINT


### JURISDICTION AND VENUE

1.    This is a suit to obtain relief to obtain for violations by Defendant of Title

      VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, as

      amended ("ADA") and the Age Discrimination in Employment Act

      ("ADEA") for unlawful discrimination and retaliation.

2.    The Court's powers are invoked pursuant to 28 U.S.C. §§ 1331, 1343(4) and

      28 U.S.C. §§ 2201 and 2202.

3.    Venue is proper under 28 U.S.C. §1391.  The Defendant employed the

Plaintiff in Montgomery County, Alabama.

### ADMINISTRATIVE REMEDIES

4.   On or about April 16, 2015, the Defendant, the City of Montgomery, denied Ms. Wiggins a promotion to the position of revenue examiner.

5.   On June 22, 2015, Ms. Wiggins filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that the City of Montgomery denied her a promotion to the position of revenue examiner because of her age, disability and/or protected activity. (Exhibit A).

6.   On November 3, 2016, the EEOC issued aa Determination that concluded the evidence obtained in the investigation established reasonable cause to conclude that the City of Montgomery retaliated against Ms. Wiggins, discriminated against her based on her age, and discriminated against her based on her disability. (Exhibit B).

7.   On April 10, 2017, the EEOC issued a Notice of Right to Sue to Mrs. Wiggins. (Exhibit C).

8.   Mrs. Wiggins initiated this action within 90 days of receiving the Notice of Right to Sue.

9.   All conditions precedent to the institution of this lawsuit have been fulfilled.

## PARTIES

10.  For over five (5) years, Mary Wiggins sought and was denied promotion to the position of revenue examiner.

11.  Ms. Cooley was born in 1942.

12.  Ms. Cooley is limited in the major life activities of walking and breathing.

13.  Ms. Cooley began her employment with the City of Montgomery in 1989.

14.  During the time relevant to her claims, Ms. Cooley worked for the City of Montgomery as an Account Clerk in the License and Revenue Division of the Finance Department.

15.  On numerous occasions, Ms. Wiggins expressed interest in and applied for the position of revenue examiner in the License and Revenue Division.

16.  On or about November 9, 2009, after not receiving a promotion to the position of revenue examiner, Ms. Wiggins complained to Jeff Downes (the then Chief of Staff/Deputy Mayor) that she was the oldest senior clerk, had been there for over fifteen years, but the position went to a younger male without a disability.

17.  In 2010, two revenue examiner positions became available.

18.  Ms. Wiggins learned that her coworkers Will Boswell and Connie Thomas had been told of the position prior to it being posted and were encouraged to

3

apply for it.

19.  Ms. Wiggins asked Charles Wilson, the Revenue Manager, if she could apply for the position.

20.  Mr. Wilson responded, "maybe so, maybe not."

21.  Ms. Wiggins applied for the position.

22.  Ms. Wiggins was one of four applicants considered for the positions.

23.  Ms. Wiggins observed the positions being awarded to a male applicants who were younger than her and did not have a visible disability.

24.  The positions were awarded to Willie Boswell and Connie Thomas.

25.  Charles Wilson, the Revenue Manager for the City of Montgomery, made the promotional decisions relating to the revenue examiner position.

26.  After being passed over several times for the promotion in favor of substantially younger applicants who did not have a visible disability, Ms. Wiggins complained to Charles Wilson and E. Lloyd Faulkner (the then Director of Finance).

27.  Ms. Wiggins complained that it appeared the revenue examiner positions were repeatedly being awarded to younger employees, including to males, who did not have any disabilities.

28.  When Ms. Wiggins did not see anything being done to address her

4

complaints and she continued to experience adverse treatment, she filed a Charge of Discrimination alleging discrimination based on gender, age, and disability as well as retaliation. (Charge 420-2010-01846).

29.    On May 4, 2010, Ms. Wiggins filed a Charge of Discrimination (420-2010-01846) against the City of Montgomery alleging violations of Title VII, the ADEA and the ADA relating to her being denied promotions for which she was qualified.

30.    In responding to Ms. Wiggins Charge of Discrimination (420-2010-01846), the City of Montgomery conceded Ms. Wiggins was qualified for the position and argued selections had been based on experience.

31.    After Ms. Wiggins filed her Charge of Discrimination, she experienced continued discrimination and retaliation which included, but was not limited to, denials of promotions, job opportunities and heightened job scrutiny.

32.    In 2011, two revenue examiner positions became available.

33.    Ms. Wiggins was one of five applicants considered for the revenue examiner positions.

34.    After being passed over for two revenue examiner positions in favor of a male applicant and applicants where were substantially younger than her without visible disabilities, Ms. Wiggins believed she was experiencing

5

additional discrimination and retaliation.

35.    Charles Wilson, the Revenue Manager for the City of Montgomery, made the promotional decisions relating to the revenue examiner position.

36.    On April 26, 2012, Ms. Wiggins filed a Charge of Discrimination with the EEOC alleging violations of Title VII, the ADEA and the ADA.

37.    Ms. Wiggins and her attorney met with an attorney for the City of Montgomery to discuss the repeated denial of promotions to Ms. Wiggins and what barriers the City of Montgomery contended were blocking Ms. Wiggins from promotion.

38.    The City of Montgomery informed Ms. Wiggins in the meeting that she needed to have more time working the front window in the Revenue Office.

39.    Ms. Wiggins made the changes and spent more time working the front window so she could eliminate the barrier to her promotion.

40.    Despite working the front window, Ms. Wiggins was not promoted.

41.    In February 2013, Ms. Wiggins learned that Shundra Brown, a substantially younger employee without a visible disability, was promoted to the position of revenue examiner in November 2012.

42.    Ms. Wiggins had been one of three persons listed on the register for certified applicants for the position.

43.     Ms. Wiggins had greater experience and seniority than Ms. Brown.

44.     Charles Wilson was the decision maker for the promotional decision.

45.     Ms. Wiggins began to experience derogatory comments in her workplace

        from her coworker Jessica Rowe about her age and her disability which

        included, but were not limited to being called "as old as dirt," telling Ms.

        Wiggins she was "too old" to do her job, making fun of Ms. Wiggins for

        using the word salve, and saying "Mary was probably there" when there

        were references to historic events.

46.     Ms. Wiggins complained to her supervisor, Connie Thomas, about these

        comments.

47.     The City of Montgomery placed Ms. Wiggins on administrative leave on

        January 31, 2014.

48.     The City of Montgomery told Ms. Wiggins was being placed on

        administrative leave because she had been accused of "workplace violence"

        but shew was not told who made the allegation, what it was alleged she had

        done, or when the alleged acts occurred.

49.     The Internal Affairs Department for the City of Montgomery investigated

        the allegation and took video statements from witnesses.

50.     Through the investigation, Ms. Wiggins learned Jessica Rowe had accused

7

her of making a gun gesture with her fingers.

51.   Ms. Wiggins returned to work after the Internal Affairs investigation confirmed she had not engaged in any misconduct.

52.   The City of Montgomery again passed over Ms. Wiggins for promotion to revenue examiner and awarded positions to JC Jones and Patrick Vines (ages 27 and 30).

53.   Ms. Wiggins complained to the City of Montgomery she felt she was experiencing harassment, discrimination and retaliation due to her age, disability and EEOC Charges.

54.   Rather than begin an investigation into Ms. Wiggins's complaints of discrimination, harassment and retaliation, the City of Montgomery (through Sr. Personnel Analyst Cami Hacker) emailed Ms. Wiggins that if she felt harassed or discriminated against she had "the option of submitting a written statement to Mayor Todd Strange, Personnel Director Carmen Douglas, or City Investigations Director Ron Sams."

55.   Ms. Wiggins lawyer sent a written complaint on behalf of Mrs. Wiggins to Mayor Strange's office, and copies were sent to Ms. Douglas and Mr. Sams.

56.   To date, nobody from the City of Montgomery has contacted Ms. Wiggins counsel about the complaint.

8

57.    In late May 2015, Faye Comer emailed Ms. Wiggins she wanted to
       interview her for a revenue examiner position.

58.    Ms. Wiggins attended the interview, using her walker.

59.    Ms. Wiggins did not receive a promotion to revenue examiner.

60.    Revenue examiner positions were awarded to substantially younger
       employees without disabilities who had not filed EEOC Charges.

61.    In response, Ms. Wiggins filed the Charge of Discrimination which is the
       basis of this action.

62.    In response to Ms. Wiggins's EEOC Charge, the City of Montgomery
       represented Ms. Wiggins had not received the promotion because of her
       need to use a walker.

63.    The City of Montgomery did not engage in any interactive dialogue with
       Ms. Wiggins about accommodating her condition to perform the job of
       revenue examiner.

64.    The City of Montgomery did not make any type of individualized inquiry to
       see if Ms. Wiggins could perform the duties of a revenue examiner.

65.    The EEOC, in investigating Ms. Wiggins's claims found "that there were
       accommodations that were available to allow [her] to perform the functions
       of the Revenue Examiner."

9

66.   The EEOC, in investigating Ms. Wiggins's claims, noted the "evidence indicates that there were two persons hired into the Revenue Examiner position that have not performed duties int eh field environment; one who is currently still employed."

67.   Because she could not obtain advancement, to escape the ongoing discrimination and retaliation, Ms. Wiggins retired from the City of Montgomery in December 2015.

## COUNT I
## AMERICANS WITH DISABILITIES ACT

68.   Ms. Wiggins adopts and incorporates the allegations set forth above in support of this Count.

69.   Ms. Wiggins is a qualified individual with a disability.

70.   Defendant discriminated against Ms. Wiggins in 2015 by denying her promotion to the position of revenue examiner because of her disability.

71.   Defendant discriminated against Ms. Wiggins by not engaging in an interactive process to determine whether a reasonable accommodation existed for her disability to allow her to hold the position of revenue examiner.

72.   Defendant discriminated against Ms. Wiggins by failing to accommodate

10

her disability.

73.    Defendant has a pattern and practice of violating the Americans with
       Disabilities Act.

74.    Defendant's discriminatory conduct injured Ms. Wiggins.

       **WHEREFORE, PREMISES CONSIDERED**, Ms. Wiggins respectfully

prays that this Court will grant her relief as follows:

       a.    Grant Plaintiff declaratory judgment that the employment practices
             complained of herein are violative of the rights of Ms. Coolie as
             secured by the ADA, as amended;

       b.    Grant Plaintiff a permanent injunction enjoining the Defendant, its
             agents, successors, employees, attorneys, and those acting in concert
             with the Defendant and at the Defendant's request, from continuing to
             violate the ADA;

       c.    Grant Plaintiff an award of back pay and employment benefits (plus
             interest);

       d.    Grant Plaintiff an award of compensatory damages to be determined
             by the trier of fact;

       e.    Grant Plaintiff injunctive relief;

       f.    Award costs and reasonable attorney's fees to the Plaintiff;

11

g.   Award pre-judgment and post-judgment interest;

h.   Plaintiff further prays for such other relief and benefits as the cause of

justice may require, including, but not limited to, an award of costs,

attorney's fees, and expenses.

## COUNT II
## AGE DISCRIMINATION IN EMPLOYMENT ACT

75.   Mr. Wiggins adopts and incorporates the allegations set forth above in

support of this Count.

76.   Ms. Wiggins was born in 1942.

77.   Defendant discriminated against Ms. Wiggins in 2015 by denying her

promotion to the position of revenue examiner because of her age.

78.   Defendant's discriminatory conduct injured Ms. Wiggins.

WHEREFORE, PREMISES CONSIDERED, Ms. Wiggins respectfully

requests the entry of judgment against the Defendant for violation of the ADEA,

pursuant to an Order by which the Court:

i.   awards backpay;

ii.   awards liquidated damages;

iii.   awards injunctive relief, including, but not limited to, backpay,

reinstatement and/or reasonable front pay;

12

     iv.    awards pre-judgment and post-judgment interest;

     v.    awards that relief which is fair, reasonable and just;

     vi.    awards a reasonable attorney's fee; and

     vii.    taxes costs against said defendant.

## COUNT III
## AMERICANS WITH DISABILITIES ACT AND TITLE VII RETALIATION

79.    Ms. Wiggins adopts and incorporates the allegations set forth above in support of this Count.

80.    Ms. Wiggins complained to the Defendant of gender discrimination, disability discrimination and retaliation.

81.    Ms. Wiggins filed Charges of Discrimination with the Equal Employment Opportunity Commission alleging gender discrimination, disability discrimination and retaliation.

82.    Ms. Wiggins engaged in activity protected by Title VII of the Civil Rights Act of 1964.

83.    Ms. Wiggins engaged in activity protected by the Americans with Disabilities Act.

84.    Defendant denied Ms. Wiggins promotion to the position of revenue examiner in 2015.

85.    Defendant retaliated against Ms. Wiggins because of her protected activity.

**WHEREFORE, PREMISES CONSIDERED,** Ms. Wiggins respectfully

prays that this Court will grant her relief as follows:

a.    Grant Plaintiff declaratory judgment that the employment practices

complained of herein are violative of the rights of Ms. Coolie as

secured by the ADA and/or Title VII, as amended;

b.    Grant Plaintiff a permanent injunction enjoining the Defendant, its

agents, successors, employees, attorneys, and those acting in concert

with the Defendant and at the Defendant's request, from continuing to

violate the ADA and/or Title VII;

c.    Grant Plaintiff an award of back pay and employment benefits (plus

interest);

d.    Grant Plaintiff an award of compensatory damages to be determined

by the trier of fact;

e.    Grant Plaintiff injunctive relief;

f.    Award costs and reasonable attorney's fees to the Plaintiff;

g.    Award pre-judgment and post-judgment interest;

h.    Plaintiff further prays for such other relief and benefits as the cause of

justice may require, including, but not limited to, an award of costs,

14

attorney's fees, and expenses.

**COUNT IV**
**AGE DISCRIMINATION IN EMPLOYMENT ACT**
**RETALIATION**

86. Mr. Wiggins adopts and incorporates the allegations set forth above in support of this Count.

87. Ms. Wiggins complained to the Defendant of age discrimination and retaliation.

88. Ms. Wiggins filed Charges of Discrimination with the Equal Employment Opportunity Commission alleging age discrimination and retaliation.

89. Ms. Wiggins engaged in activity protected by the Age Discrimination in Employment Act.

90. Defendant denied Ms. Wiggins promotion to the position of revenue examiner in 2015.

91. Defendant retaliated against Ms. Wiggins because of her protected activity.

WHEREFORE, PREMISES CONSIDERED, Ms. Wiggins respectfully requests the entry of judgment against the Defendant for violation of the ADEA, pursuant to an Order by which the Court:

      i.      awards backpay;

      ii.     awards liquidated damages;

   iii.    awards injunctive relief, including, but not limited to, backpay, reinstatement and/or reasonable front pay;

   iv.    awards pre-judgment and post-judgment interest;

   v.    awards that relief which is fair, reasonable and just;

   vi.    awards a reasonable attorney's fee; and

   vii.    taxes costs against said defendant.

**PLAINTIFF REQUESTS A TRIAL BY STRUCK JURY.**

Heather Newsom Leonard
ASB-1152-O61H
ATTORNEY FOR PLAINTIFF

OF COUNSEL:

HEATHER LEONARD, P.C.
P. O. Box 43768
Birmingham, AL 35243
Phone:    (205) 977-5421
Facsimile:   (205) 278-1400
Heather@HeatherLeonardPC.com

/s/ Cynthia Forman Wilkinson
Cynthia Forman Wilkinson
ATTORNEY FOR PLAINTIFF

OF COUNSEL:

Wilkinson Law Firm PC

16

215 N. Richard Arrington Jr. Blvd.
Suite 200
Birmingham, AL 35203
205-250-7866
Fax: 205-250-7869
Email: wilkinsonefile@wilkinsonfirm.net

SERVE DEFENDANT VIA CERTIFIED MAIL:

City of Montgomery
c/o Todd Strange
Mayor, City of Montgomery
City Hall, Room 206
103 North Perry Street
Montgomery, AL 36104