## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

|  |  |
|---|---|
| **MARY WIGGINS,** )  | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **Case No: 2:17-CV-425-GMB** |
| **vs.** ) | |
| ) | |
| ) | |
| **CITY OF MONTGOMERY,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MOTION TO DISMISS

COMES NOW Defendant City of Montgomery ("City"), by and through undersigned counsel, and moves this Honorable Court, pursuant to 12(b)(6) of the *Federal Rules of Civil Procedure,* to dismiss the Complaint for failure to state a claim upon which relief may be granted.

1.     On July 5, 2017, Plaintiff filed a Complaint against the City of Montgomery alleging violation of Americans with Disabilities Act, Age Discrimination in Employment Act and Americans with Disabilities Act and Title VII Retaliation.

2.     The Complaint alleges the discrimination occurred on April 16, 2015 when Ms. Wiggins was denied a promotion to the position of revenue examiner.  As such, the two year statute of limitation on such a claim would be April 16, 2017.

3.      Ms. Wiggins filed her Charge of Discrimination with the EEOC on June 17, 2015.  (Exhibit A to Plaintiff's Complaint).

4.     On November 3, 2016, the EEOC made their final determination in the matter. (Exhibit B to Plaintiff's Complaint).

5.      Ms. Wiggins was issued a Notice of Right to sue letter on April 10, 2017. (Exhibit C to Plaintiff's Complaint").

3.      The Statute of Limitations for allegations in the Complaint is two years.  Plaintiff is alleging an incident from April 16, 2015, which is barred by the two year statute of limitation.

4.      Section 6-2-38(l) of the Alabama Code states that, "All action for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years.

5.      *Movement for Opportunity & Equality v. General Motors Corp.,* 622 F2d 1235 (7th Cir. 1980) the Courts held that Title VII claimants are under a duty to seek their right to sue letter if they wish to pursue their claim in court.  Furthermore, the 180 day period set out in 42 USCS§2000e-5(f) is not mandatory and a Plaintiff could request early issuance of the right to sue letter from the EEOC.  Such an early issuance would insure their suit is filed within the applicable statute of limitations.  In the instant case, Plaintiff could have requested a right to sue letter from the EEOC prior to the April 16, 2017 statute deadline.  In fact, EEOC regulation (29 CFR §1601.28) states that upon complainant's request, the EEOC can issue right to sue in a Title VII case, but the complainants must wait 180 days after filing their EEOC charge before they can sue in Federal Court.  Therefore, any time after December 14, 2015, Ms. Wiggins could have requested her right to sue letter and filed a suit within the applicable statute of limitations.

Respectfully submitted this the 31st day of July, 2017.

/s/ Stephanie L. Smithee
Stephanie Smithee, (SMI255)
Counsel for Defendant

**OF COUNSEL:**
Legal Department
City of Montgomery
Post Office Box 1111
Montgomery, Alabama  36101-1111

2

(334) 625-2050
(334) 625-2310 (fax)
ASB:  3470D63S
Email:  ssmithee@montgomeryal.gov

## CERTIFICATE OF SERVICE

I hereby certify that foregoing has been served upon the following by electronic filing

and notification through CM/ECF with United States District Court Middle District of Alabama

on this 31st day of July, 2017:

Heather Leonard, Esq.
Heather Leonard, P.C.
P.O. Box 43768
Birmingham, AL  35243
Phone:  205-977-5421
Facsimile:  205-278-1400
Heather@heatherleonardpc.com

Cynthia Forman Wilkinson, Esq.
Wilkinson Law Firm, PC
215 N. Richard Arrington Jr. Blvd., Suite 200
Birmingham, AL 35203
205-250-7866
Fax:  205-250-7869
wilkinsonfile@wilkinsonfirm.net

/s/ Stephanie L. Smithee
Stephanie Smithee, (SMI255)