IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARY WIGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:17-cv-425-GMB |
| | ) | [WO] |
| THE CITY OF MONTGOMERY, ALABAMA, | ) ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM OPINION AND ORDER**

Before the court is a motion to dismiss filed by Defendant City of Montgomery, Alabama (the "City") on July 31, 2017. Doc. 6. The parties have consented to the exercise of full jurisdiction by the undersigned United States Magistrate Judge, and the matter is now fully briefed and ripe for resolution by the court. Docs. 12 & 13. For the reasons that follow, the court finds that the City's motion is due to be DENIED, as set forth below.

Plaintiff Mary Wiggins filed a complaint against the City on July 5, 2017, alleging claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA") for unlawful discrimination and retaliation. Doc. 1. All of these claims arise from the City's failure to promote Wiggins to the position of revenue examiner. Doc. 1. On June 22, 2015, Wiggins filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that the City had denied her a promotion to revenue examiner because of her age, disability, and other protected activity (*i.e.*, filing prior EEOC

charges alleging gender and disability discrimination and retaliation). Doc. 1-1. On April 10, 2017, the EEOC issued Wiggins a notice-of-right-to-sue letter. Doc. 1-3. Wiggins alleges in the complaint that she filed her claims in this court within ninety days of receiving that notice, and no evidence or argument has been presented suggesting otherwise. Doc. 1.

The City argues in its motion to dismiss that all of Wiggins' federal employment claims should be dismissed because they were untimely filed. Doc. 6. Specifically, the City argues that, because these claims were not filed within the two-year statute of limitations provided by Alabama Code § 6-2-38(1), they are time-barred and should be dismissed as a matter of law. Doc. 6. The court agrees with Wiggins that this argument lacks any merit, as Alabama Code § 6-2-38(1) does not apply to the type of federal employment claims presented here.

It is well settled that claims brought under Title VII, the ADA, and the ADEA must go through the administrative process with the EEOC, and plaintiffs asserting claims under these statutes have ninety days to file suit in federal court after receiving a notice-of-right-to-sue letter from the EEOC. *See* 42 U.S.C. § 2000e-16(c) (Title VII); 42 U.S.C. § 12117(a) (ADA); 29 U.S.C. § 626(e) (ADEA); *Abram v. Fulton Cnty. Gov't*, 598 F. App'x 672, 674 (11th Cir. 2005) (explaining that plaintiffs raising claims under Title I of the ADA must comply with the same procedural requirements articulated in Title VII, including filing suit within ninety days of receiving a notice-of-right-to-sue letter); *Edwards v. Shalala*, 64 F.3d 601, 606 (11th Cir. 1995) (holding that Title VII's statute of limitations applies to ADEA claims).

Although the City contends that "[t]he courts have routinely looked to Alabama state law for the statute of limitations in these [federal employment] cases and had [sic] found that it is two years under the statute's residual statute of limitations for personal injury actions," this is an incorrect statement of the law. The authority the City offers to support this proposition only confirms its inaccuracy. Indeed, *Lufkin v. McCallum*, 956 F.2d 1104 (11th Cir. 1992), concerned the retroactivity of a Supreme Court case that held that suits brought in federal court pursuant to 42 U.S.C. § 1983 borrow the residual statute of limitations for personal injuries provided under the law of the state where the court hearing the case sits. *Id.* at 1106–08. The residual statute of limitations for personal injuries in Alabama is set out in Alabama Code § 6-2-38(1), but none of Wiggins' claims are brought pursuant to § 1983.

Moreover, *Everett v. Cobb County School District*, *Smith v. McFarland*, and *Horsley v. University of Alabama* all involved claims brought under Title II of the ADA, which prohibits discrimination against people with disabilities by public entities. *See Everett*, 138 F.3d 1407, 1409–10 (11th Cir. 1998); *Smith*, 2008 WL 606986, at *2 (M.D. Ala. Feb. 29, 2008); *Horsley*, 2013 U.S. Dist. LEXIS 191936, at *13–14 (N.D. Ala. June 27, 2013). Wiggins' claims are brought pursuant to Title I of the ADA, which prohibits discrimination by private employers on the basis of disability for, among other things, hiring, advancement, and discharge of employees. While Wiggins conflates these two types of ADA claims, the distinction is significant since it dictates the applicable statute of limitations. Title I ADA claims are subject to the same procedural requirements as Title VII claims, including the 90-day statute of limitations for filing claims in federal court,

3

while Title II ADA claims are not. *Compare* 42 U.S.C. § 12117(a), *with Everett*, 138 F.3d at 1047, *and Horsley*, 2013 U.S. Dist. LEXIS 191936, at *13–14.

Keeping these principles in mind, and taking the allegations in the complaint as true—which the court must do at the motion-to-dismiss stage—the court finds that Wiggins filed a charge of discrimination on June 22, 2015; the EEOC issued her a notice-of-right-to-sue letter on April 10, 2017; and Wiggins filed her complaint on July 5, 2017, within 90 days of receiving that letter. Doc. 1. Absent any allegations or legal authority to suggest to the contrary, the court finds that Wiggins' claims were timely filed.

For these reasons, it is ORDERED that the City's motion to dismiss (Doc. 6) is DENIED.

DONE this 13th day of September, 2017.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE